Dietrich A. Schmitz v. Commissioner.
Schmitz v. Commissioner
Docket No. 18188.
United States Tax Court
1950 Tax Ct. Memo LEXIS 225; 9 T.C.M. (CCH) 324; T.C.M. (RIA) 50097; April 7, 1950
Martin Saxe, Esq., for the petitioner. William F. Evans, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies in the petitioner's income tax as follows: Year
Deficiency
1938
$ 33,533.69
1939
246,421.33
1940
33,238.97
The issues for decision are whether the petitioner had income in the year 1938 in the amount of $53,288.55 and the basis for gain or loss in his hands of stock which he sold in 1939 and for which he received payment in that year and in 1940. Findings of Fact The petitioner is an individual who filed his returns for the years here in question with the collector of internal revenue for the third district of New York. He had on deposit *226 in a checking account in 1937 with a banking firm in Basle, Switzerland, $53,288.55, or its equivalent in other currency. He withdrew that amount from that account in 1937 through the medium of a check of the banking firm issued to the petitioner. He deposited that check on May 3, 1938 in the Montreal Trust Company, Montreal, Canada, and thereby opened an account in his name with that Montreal bank. That money did not represent income of the petitioner realized or received by him in 1938. The petitioner purchased 4,100 shares of General Dyestuff Corporation stock in 1931 for $430,000. He borrowed the money to make that payment from a bank in Zurich, Switzerland. He paid the loan in full, the final payment having been made in 1933. The loan was guaranteed for the petitioner by the Basle banking firm, referred to above, and was paid by that firm for the petitioner's benefit from the proceeds of a trust fund which the petitioner's brother had previously placed in the hands of that banking firm for the petitioner's benefit. The petitioner sold the 4,100 shares of General Dyestuff Corporation stock on August 1, 1939, for $410,000. His basis for gain or loss on those shares at that time *227 was $430,000. He received $360,000 of the purchase price in 1939 and the balance of $50,000 in 1940. He claimed a long term capital loss of $10,000 on the sale on his 1939 return. The Commissioner, in determining the deficiency for 1938, added $53,288.55 to the petitioner's income for 1938 with the explanation that that amount "deposited by you in the year 1938 in the Montreal Trust Company, Montreal, Canada, represents taxable income to you for that year." The Commissioner, in determining the deficiencies for 1939 and 1940, disallowed the loss on the sale of the 4,100 shares of General Dyestuff Corporation stock and added $360,000 to the petitioner's income for 1939 and $50,000 to his income for 1940 with the explanation that those amounts received in those years from the sale represented taxable income within the meaning of section 22(a) of the Internal Revenue Code. Opinion MURDOCK, Judge: The respondent in his brief argues that the petitioner has failed to sustain his burden of proof to overcome the determinations of the Commissioner. He was not satisfied with the information which he had and, indeed, he is not satisfied with the evidence in this record. *228 He suspects chicanery of some kind but none appears. The Court must decide cases on the record and that has been done in this case. The evidence shows quite clearly that the only event which took place in 1938 in regard to the $53,288.55 was the deposit in that year in a Montreal bank of a check for that amount which the petitioner had received in the preceding year from a banking institution in Switzerland with which he had had the funds on deposit. Obviously, the transfer in 1938 to a Montreal bank of funds which the petitioner had on deposit in Switzerland in 1937 does not represent the realization or receipt of taxable income in 1938. The Commissioner does not suggest any theory upon which it might be 1938 income. That is the only question involved in the first issue and it is decided for the petitioner. The Commissioner, in determining the deficiency, refused to recognize that the petitioner had any basis for gain or loss on his General Dyestuff Corporation stock which he sold in 1939, and therefore, taxed the entire amount realized from that sale in the years in which it was received. The record shows that the petitioner had a basis for gain or loss on the stock which was *229 in excess of the amount which he realized on the sale. It must be held on this record that he sustained a loss and did not realize any gain from the transaction. Therefore, the Commissioner erred. Decision will be entered under Rule 50.